YOUNG v. COHEN.

1. DUPLICATE CONTRACTS—EVIDENCE—SURPRISE.—Plaintiff sued for work done under a written contract, making the contract an exhibit to the complaint. The defendant admitted the contract, but denied that the work had all been done as charged. At the trial, plaintiff offered in evidence the contract, which showed interlineations and erasures. Defendant then offered a duplicate of this contract in evidence, and upon its rejection asked leave to amend his answer, which motion was also refused. *Held,* that the duplicate contract should have been received and new trial granted, unless plaintiff remitted so much of the verdict as was affected by the alterations.

Before WITHERSPOON, J., Union, October, 1893.

This action was commenced February 3, 1892. The answer of defendant admitted that the exhibit to the complaint was "a true copy of the contract entered into between the plaintiff and defendant." Verdict was for plaintiff, and defendant appealed.

*Messrs. William Munro* and *R. W. Shand,* for appellant.

*Mr. T. S. Moorman,* contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. John L. Young brought his action against Philip M. Cohen to recover $723.63, with interest thereon from 1st January, 1890, under a contract in writing. Cohen, in his answer, admitted the contract, but denied that the work performed for him under the contract was reasonably worth the sum sued for. The cause came on for trial before Judge Witherspoon and a jury. The verdict was for plaintiff in the sum of $540. After entry of judgment, defendant appealed.

The grounds are three in number, but when analyzed may be found to relate to one matter—namely, the refusal of the Circuit Judge to allow defendant to show by the duplicate of the contract with plaintiff, which plaintiff had placed in defendant's hands, that the original of said contract had been altered while in plaintiff's hands to defendant's injury, to wit: in making defendant liable for $139.75 for plats of all the subdivi-

sions of the four tracts of lands made by plaintiff as a surveyor under the contract with plaintiff.

The original and duplicate of the contract as exhibited before the Circuit Court at the trial have been brought to the attention of this Court at the hearing before us. Certainly alterations have been made, or, to state it mildly, the original does not agree with the duplicate, and there are erasures and interlineations in the original. The original was exhibited at the trial, having been introduced by the plaintiff himself. Defendant then asked leave to introduce the duplicate. This was at first allowed by the Circuit Judge, but he subsequently ruled out this testimony. When this was done, defendant asked leave to amend his answer so as to set up the differences in the original and the duplicate, but this was denied by the Circuit Judge.

We wish to avoid saying anything harsh in this opinion touching these alterations in the "original" of the contract, because they may have to be explained and commented on in the court below in case we grant a new trial. But we unhesitatingly say it was the duty of the Circuit Judge, under the circumstances of this case, to have admitted this "duplicate" in testimony. It was relevant to the issue being tried before the jury. Its being ruled out wrought an injury to the defendant to the extent of $139.75. Unless this sum is entered as a credit upon the judgment, the defendant is entitled to a new trial.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and a new trial ordered, unless the plaintiff shall, within ten days after notice of this judgment, enter a remittitur of one hundred and thirty-nine dollars and seventy-five cents on the said judgment; but in the event said remittitur shall be so entered, then the judgment so reduced is affirmed.